FILED
Scott L. Poff, Clerk
United States District Court
By jburrell at 9:15 am, Oct 15, 2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALJANON ALVIN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     CV417-206<br>) |
| CPL. VEAL of the SCMPD, | )<br>) |
| Defendants. | ) |

## ORDER

Corporal Veal's motion to compel responses to his outstanding discovery requests (doc. 27), which is unopposed by operation of Local Rule 7.5 (no response means no opposition), is **GRANTED**. It appears that plaintiff has both received the motion and, in lieu of opposing it, mailed untimely responses to defendant. *See* doc. 30, Exh. A. Veal contends these responses are insufficient, *id.*; plaintiff has still filed no response to the motion weighing in one way or another.

Plaintiff is **ORDERED** to amend his responses to Veal's interrogatories and requests for production of documents within 30 days of service of this Order to comply with his discovery obligations.[1] If Alvin

---

[1] The Court appreciates that Alvin is not an attorney. Even *pro se* litigants, however

does not amend his responses, defendant is **DIRECTED** to so apprise the Court and a recommendation of dismissal will be entered on inactivity and, thus, abandonment grounds. *See* Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); L.R. 41.1(a) (authorizing district court to dismiss for failure to abide discovery obligations); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants).

One further matter: Alvin has sent his discovery responses and information to this Court for filing on the docket and directs defendant to review the docket in search of responsive answers to its outstanding

---

must comply with discovery obligations. The Court also appreciates that Alvin appears to have made some effort to respond. *See* doc. 30-1 at 6 (identifying potential witnesses). That attempt, however, is insufficient. Alvin must respond separately to *each* numbered interrogatory and document request (and his responses should be numbered to indicate the interrogatory or document request he is responding to), although his response to any particular request may refer to a previous response. If he does not know the answer to any particular request, his response should say so. If he does not know an answer, but believes that responsive information is available from some other source, he should state where or how the information might be discovered. The Court will not penalize a party's good faith attempt to comply with his discovery obligations. A good faith attempt, of course, must be made.

discovery responses. Doc. 32. This Court is *not* a repository for plaintiff's discovery responses. It has *no role* in collecting or organizing plaintiff's discovery responses. If Alvin needs to serve discovery on defendants, he must do so pursuant to the Federal Rules of Civil Procedure.

**SO ORDERED,** this __12th__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA