# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ALJANON ALVIN, )
)
    Plaintiff, )
)
v. ) CV417-206
)
CPL VEAL OF SCMPD, )
)
    Defendants. )

## ORDER

*Pro se* plaintiff Aljanon Alvin seeks reconsideration of the Court's denial of his request for the appointment of counsel. Doc. 45. He brings the same arguments previously evaluated, and rejected, in the Court's Order denying appointment of counsel. *Compare* docs. 29 & 45.

A Fed. R. Civ. P. 59(e) motion for reconsideration may be granted based only on newly-discovered evidence or to correct manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) motions may not be used to "relitigate old matters, raise argument or present evidence that should have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Alvin's "motion relie[s] on no newly-discovered evidence and demonstrate[s] no manifest error of law or fact" in the court's order. *The Bedtow Grp. II, LLC v. Ungerleider*, 684 F. App'x 839, 843 (11th Cir. 2017). As he has been told before, "[t]here is no entitlement to appointed counsel in a civil action brought pursuant to 42 U.S.C. § 1983." Doc. 29 at 1 (citing *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). Indeed, "[c]ourt-appointed counsel in civil cases is warranted only in 'exceptional cases.'" *Id.* (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). Yet Alvin points to no exceptional circumstances warranting the appointment of counsel at public expense. *See* doc. 45.

Alvin again complains that an attorney would be better able to litigate his case and procure/examine expert testimony, and cites an out-of-circuit case for the argument that the Court "should make every attempt to obtain counsel" on his behalf. *Id.* at 2. But Alvin misunderstands: in this Circuit, the relevant question "is whether [he] needs help in presenting the *essential merits* of his or her position to the court," *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993), not whether an attorney might be useful for nuanced argument or case development. And as explained in the Court's prior order,

> Here, Alvin has had no difficulty in explaining the facts of his case: he contends that he was subjected to excessive force. Doc. 1 at 3 (Complaint); doc. 7 at 3 (Amended Complaint); *see also* doc. 21 at 1 ("Statement of the Case"). Because this case is not so legally or factually complex as to prevent Alvin from presenting "the essential merits of his position" to the Court, his motion to appoint counsel is **DENIED**.

Doc. 29 at 2. Alvin's motion for reconsideration, doc. 45, is **DENIED**.

**SO ORDERED**, this  29  day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA