IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ALJANON ALVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 417-206 |
| | ) |
| CORPORAL RANDY VEAL, | ) |
| | ) |
| Defendant.[1] | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights case brought pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Chatham County, Georgia. Before the Court is Defendant Corporal Randy Veal's motion for summary judgment. (Doc. no. 53.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Corporal Veal's motion for summary judgment be **GRANTED IN PART**. (Id.) The case should proceed to trial on Plaintiff's excessive force claim against Corporal Veal in his individual capacity arising out of Plaintiff's arrest on November 1, 2016.

I.   **PROCEDURAL HISTORY**

In the second amended complaint filed on October 4, 2018, Plaintiff alleges Defendant Corporal Veal handcuffed him during an arrest on November 1, 2016, and

_____

[1]The Court **DIRECTS** the **CLERK** to update Defendant's name on the docket in accordance with the caption of this Report and Recommendation, which is consistent with Defendant's answer to Plaintiff's third amended complaint. (See doc. no. 47.)

repeatedly struck him in the back of the head until Plaintiff lost consciousness even though Plaintiff was compliant and did not provoke the attack. (Doc. no. 31.) Corporal Veal contends he only used minimal force to subdue Plaintiff for the arrest, his actions did not violate Plaintiff's constitutional rights, and he is entitled to qualified immunity. (Doc. no. 53.) Because Plaintiff did not respond to Corporal Veal's Statement of Material Facts, the Court deems admitted all facts therein that have evidentiary support and are not refuted by other evidence. See Loc. R. 56.1; Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (finding no error in deeming defendants' material facts admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections); Scoggins v. Arrow Trucking Co., 92 F.Supp.2d 1372, 1373 n.1 (S.D. Ga. 2000).

## II.   FACTS

### A.   Undisputed Facts

On October 28, 2016, Corporal Veal and other officers of the Savannah Police Department ("SPD") responded to a complaint at the home of Ruthie McBride, Plaintiff's mother-in-law, of Plaintiff threatening family members with a firearm. (Corporal Veal Decl., doc. no. 53-3, ¶ 5.) Ms. McBride told Corporal Veal that Plaintiff threatened her, brandished a pistol in her face, placed the pistol and a second pistol in a black sock, and placed the sock in his vehicle. (Id. ¶¶ 6-7.) Plaintiff denied having any guns. (Id. ¶ 8.) Plaintiff's vehicle was parked nearby, and Corporal Veal observed what he believed to be two black gloves or socks on the front driver's side. (Id. ¶ 7.) Plaintiff fled the scene while officers were gathering information. (Id. ¶ 12.) Three days later, on October 31, 2016, SPD Detective

2

Jason Manley retrieved two pistols from Plaintiff's vehicle. (Manley Detective Report, doc. no. 53-3, p. 24.) Corporal Veal learned Plaintiff was previously convicted of manslaughter and believed there was probable cause to arrest Plaintiff for possession of a firearm by a convicted felon and obstruction by fleeing. (Id. ¶¶ 14-15.) On November 1, 2016, Corporal Veal and his trainee, SPD Officer Dennis Sylvester, arrived at the office of Plaintiff's probation officer to arrest Plaintiff. (Id. ¶ 18-19.) Detective Manley arrived with an arrest warrant. (Id. ¶ 23.) Corporal Veal arrested Plaintiff, and officers transported him to the Chatham County Detention Center. (Id.)

### B. Disputed Facts

#### 1. Plaintiff's Version of Events

At the probation office, Plaintiff was handcuffed and attacked by Corporal Veal from behind. (Pl.'s Aff., doc. no. 57, p. 4.) Corporal Veal hit Plaintiff in the back of the head several times with his elbow, rendering Plaintiff unconscious. (Id.) Plaintiff showed no signs of aggression prior to being attacked and did not resist arrest. (Id.) Plaintiff's probation officer, Ms. Loreal Lee, witnessed Corporal Veal beat Plaintiff. (Id. at 2.) Plaintiff alleges the incident has caused him to suffer from migraines and pain in the back of his head. (Id. at 4.)

#### 2. Corporal Veal's Version of Events

When Corporal Veal informed Plaintiff he was under arrest and asked him to put his hands behind his back, Plaintiff refused and yanked his arm away when Corporal Veal tried to take it. (Corporal Veal Decl., ¶ 19.) Given Plaintiff's resistance, criminal history, recent flight from police, and the nature of the offense Plaintiff was suspected of committing,

Corporal Veal was fearful for his safety, as well as the safety of the public. (Id. ¶ 20.) Corporal Veal was also unaware whether Plaintiff was armed. (Id.) Corporal Veal was on Plaintiff's left side and Officer Sylvester was on Plaintiff's right side. (Id. ¶ 21.) Officer Sylvester grabbed Plaintiff's right arm, but he continued to pull away. (Id.) As a result, Corporal Veal punched Plaintiff once in the right upper shoulder in an effort to subdue him. (Id.) Corporal Veal and Officer Sylvester were then able to gain control of Plaintiff's arms, bend him over forward on a desk, and arrest him. (Id. ¶ 22.) Plaintiff continued to yell at and berate the officers after he was arrested and seated in a chair. (Id.) At no time did Plaintiff lose consciousness nor was he injured. (Id.) At no time was Plaintiff attacked while handcuffed. (Sylvester Decl., doc. no. 53-4, ¶ 13.) Plaintiff suffered no injury and the amount of force used was reasonable. (Corporal Veal Decl., ¶ 24.)

### III. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving

party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Id. at 608.  The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint.  Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).  Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56.  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59).  A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.

**B.     Plaintiff's Statement is Admissible, but Stacy Alvin's Statement is Not**

Plaintiff attaches to his summary judgement response his handwritten statement of facts on a form entitled "Written And Sworn Affidavit," as well as a document entitled "Complaint Form" signed by his ex-wife Stacy Alvin. (Doc. no. 57, pp. 4-6.)  Corporal Veal objects to both as inadmissible unsworn statements.  (Doc. no. 59, p. 4.)  The Court overrules the objection for Plaintiff's statement and sustains it for Ms. Alvin's statement.

5

Plaintiff's statement satisfies 28 U.S.C. § 1746 because it is "a handwritten averment, signed and dated, that the statement is true under the penalties of perjury." McCaskill v. Ray, 279 F. App'x 913, 914-15 (11th Cir. 2008) (citing 28 U.S.C. § 1746). While the affidavit form utilized by Plaintiff does not contain a certification under penalty of perjury, just three pages after his statement, Plaintiff attached a signed "Declaration Under Penalty of Perjury" wherein he "declare[s] under penalty of perjury that the foregoing answers and information provide by me are true and correct." (Id. at 7.) Plaintiff signed this certification on the same date he signed the accompanying statement. (Id. at 4, 7.) While the customary format is for a declarant to include the certification within the statement itself, the Court finds Plaintiff intended for the certification to encompass the statement. The case cited by Defendant is inapposite because the affidavit at issue was neither signed nor notarized by the plaintiff. See Alexander-Johnson v. Lids/Hat World, No. CIV.A. 1:07-CV865TWT, 2008 WL 5115195, at *6 (N.D. Ga. Dec. 2, 2008). Therefore, Plaintiff's statement comports with § 1746 and is appropriately considered at summary judgment. See also Haines v. Kerner, 404 U.S. 519, 520, (1972) (stating p*ro se* claims for relief are held to "less stringent standards than formal pleadings drafted by lawyers").

Plaintiff's ex-wife's complaint form is neither notarized nor signed under penalty of perjury and does not include any averment substantially similar to the one required by § 1746. (Doc. no. 7, pp. 5-6); see generally Nawab v. Unifund CCR Partners, 553 Fed. Appx. 856, 861-62 (11th Cir. 2013) (citing Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980)) (stating *pro se* litigants may not use unsworn materials to oppose a motion for

summary judgment.).[2]  Further, there is no evidence in the record to suggest Ms. Alvin was present during Plaintiff's arrest and has any personal knowledge of the facts.  See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").  Thus, the Court will not consider Ms. Alvin's statement.

### C.     Corporal Veal is Not Being Sued in His Official Capacity

Defendant contends to the extent Plaintiff alleges any claims against him in his official capacity, he is entitled to summary judgment.  (Doc. no. 53-1. pp. 17-18.)  It is clear from Plaintiff's amended complaint he is only suing Corporal Veal in his individual capacity.  (See doc. no. 31, p. 3.)  Therefore, the Court need not address Corporal Veal's argument he is entitled to summary judgment in his official capacity.

### D.     A Reasonable Juror Could Find Excessive Force that Violates a Clearly Established Constitutional Right

Corporal Veal argues he is entitled to summary judgment because the amount of force used was constitutionally reasonable and he is protected by qualified immunity.  (Doc. no. 53, p. 1.)  Plaintiff opposes the motion, contending Corporal Veal violated his Fourth Amendment right by hitting him in the back of the head while handcuffed.  (Doc. no. 57.)

#### 1.     Overview of Excessive Force Legal Landscape

"Fourth Amendment jurisprudence has long recognized that the right to make an

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). However, any use of force must be reasonable, and "the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force." Scott v. Palmer, 210 F. Supp. 3d 1303, 1313 (N.D. Ala. 2016). "The reasonableness inquiry [asks] whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004) (internal quotations omitted). To determine whether the amount of force used by Corporal Veal was proper, the Court must ask whether a reasonable officer would believe the level of force used was necessary under the circumstances. Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002). Whether an officer's use of force was excessive or reasonable "is a 'pure question of law,' decided by the court." Stephens v. DeGiovanni, 852 F.3d 1298, 1321 (11th Cir. 2017) (quoting Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013)).

This inquiry requires courts to "slosh [their] way through the fact bound morass of 'reasonableness.'" Scott v. Harris, 550 U.S. 372, 383 (2007). Consequently, a court must "look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." McCullough v. Antolini, 559 F.3d 1201, 1206 (11th Cir. 2009); see also Graham, 490 U.S. at 396 (use of force must be judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"). Additionally, a court must take into account that

8

"police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397. Generally, courts do not "second-guess the decisions made by police officers in the field." Vaughan v. Cox, 343 F.3d 1323, 1331 (11th Cir. 2003).

In analyzing the objective reasonableness of force, a court must initially determine whether the officer needed to apply force at all by applying the three nonexclusive Graham factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Stephens, 852 F.3d at 1321 (quoting Graham, 490 U.S. at 396). If force was indeed necessary, a court must then apply the Eleventh Circuit's three factors for determining whether the use of force was objectively reasonable: "(1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." Id. at 1324 (internal quotations omitted). This "fact-specific inquiry takes into account facts as they reasonably appeared to the police officer." Williams v. Deal, 659 F. App'x 580, 597-98 (11th Cir. 2016). Indeed, "[i]f an officer reasonably, but mistakenly, believes that one of the factors relevant to the merits of the constitutional excessive-force claim is present, the officer is justified in using more force than in fact was needed." Id.

### 2. When Viewed in a Light Most Favorable to Plaintiff, the Facts Support a Finding Corporal Veal Used Excessive Force

The version of events described by Corporal Veal would undoubtedly require

9

summary judgment to be entered in his favor because he used a minimal amount of force to gain control of Plaintiff and arrest him. However, Plaintiff maintains he did not resist arrest, and Corporal Veal attacked him after he was handcuffed for no apparent reason, rendering Plaintiff unconscious. (Pl.'s Aff.) A handcuffed, non-resisting defendant has a right to be free from excessive force. See Lee, 284 F.3d at 1198 (holding force excessive where police officer slammed plaintiff's head onto hood of car while she was handcuffed and not posing threat or attempting to flee); Slicker, 215 F.3d at 1233 (finding force excessive where officers kicked handcuffed and compliant defendant in ribs, beat his head on ground, and knocked him unconscious). Because the facts when viewed in the light most favorable to Plaintiff support a finding Corporal Veal used excessive force in violation of the Fourth Amendment, Corporal Veal is not entitled to summary judgment.

### 3. Corporal Veal is Not Entitled to Qualified Immunity if Jurors Believe Plaintiff's Version of Events

"The doctrine of qualified immunity protects government officials, acting pursuant to their discretionary authority, 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010). For an official's acts to be within his or her discretionary authority, they must be "(1) undertaken pursuant to the performance of [his or her] duties and (2) within the scope of [his or her] authority." Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (punctuation omitted) (quoting Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir.

1995)).  If the defendant shows that he or she was acting within his or her discretionary authority, then "the plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Townsend, 601 F.3d at 1158 (punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)).

"A right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted).  "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003).  Also, the Eleventh Circuit has held:  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Where a defendant pleads qualified immunity, the Eleventh Circuit "uses two methods to determine whether a reasonable officer would know his conduct is unconstitutional under the Fourth Amendment." Fils v. City of Aventura, 647 F.3d 1272, 1291 (11th Cir. 2011).  First, the Eleventh Circuit considers "the relevant case law at the time of the violation". Id.  In consideration of the relevant case law, "the right is clearly established if 'a concrete factual context [exists] so as to make it obvious to a reasonable government actor that his actions violate federal law.'" Id.  In contrast, "where the law is

11

stated in broad propositions, 'a very high degree of prior factual particularity may be necessary.'" Id. Alternatively, the second method looks at Corporal Veal's "conduct, and inquires whether that conduct 'lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to [him], notwithstanding the lack of fact-specific case law.'" Id. (quoting Vinyard v. Wilson, 311 F.3d 1340, 1355 (11th Cir. 2002)).

The use of force by Corporal Veal, as described by Plaintiff, falls squarely within the core of what the Fourth Amendment prohibits such that any reasonable officer would have known Corporal Veal's conduct was unlawful. Saucier, 533 U.S. at 202. Viewing the evidence in the light most favorable to Plaintiff, there were no signs of aggression prior to Corporal Veal's use of force, he was handcuffed before the attack took place, and at no point did he attempt to resist arrest. (Pl.'s Aff.) It was clearly established in October 2016 a handcuffed, non-resisting defendant has a right to be free from excessive force. See, e.g. Lee, 284 F.3d at 1200 ("[A]pplying the clear and obvious principle that once an arrest has been fully secured and any potential danger or risk of flight vitiated, a police officer cannot employ. . . severe and unnecessary force."). Even in the absence of fact specific case law, the constitutional rule that a handcuffed, non-resisting defendant has a right to be free from excessive force applies with obvious clarity to give Corporal Veal fair warning his actions were unconstitutional. Bennett, 423 F.3d at 1255.

Specifically, Eleventh Circuit cases hold "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." Hadley, 526 F.3d at 1330; Lee, 284 F.3d at 1198; Slicker, 215 F.3d at 1233. The defense argument that Plaintiff's injuries

were minor does not change the outcome of summary judgment for two reasons. First, Plaintiff claims his head injury continues today and he suffers from migraines. (Pl.'s Aff.) Second, even if Plaintiff did not suffer severe injury as a result of being knocked unconscious, "objectively unreasonable force does not become reasonable simply because the fortuity of the circumstances protected…[P]laintiff from suffering more severe physical harm." Lee, 284 F.3d at 1200.

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Corporal Veal's motion for summary judgment be **GRANTED IN PART**, (doc. no. 53). The case should proceed to trial on Plaintiff's Fourth Amendment excessive force claim against Corporal Veal in his individual capacity arising out of Plaintiff's arrest on November 1, 2016.

SO REPORTED and RECOMMENDED this 6th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA